We have four cases before us that are for argument. We have two that have been submitted on briefs. The first case we have before us is Info-Hold v. Muzak LLC. And I understand that Counsel James K. Wach is going to argue for eight minutes. You reserve five minutes. And then Counsel Daniel Wood has two minutes. Is that correct? And you have your entire 15 minutes. Okay. Let's get going. Good morning, Your Honors. If I may, I'm going to start with the reasonable royalty damages issue and then circle back with the claim construction. And then as you stated, Mr. Wood's going to have the inducement issues. In this case, Your Honors, the District Court on summary judgment found that there was no evidence of a reasonable royalty, even though there were open issues of infringement and validity. The District Court relied on Muzak's and Judge Posner's reasoning in the underlying Apple v. Motorola case, which was reversed by this Court. The District Court relied on Judge Posner's reasoning in the Apple case where he found that without an expert on damages, that one cannot make a damages case, which we know is not the law. Because Muzak's summary judgment motion was legally insufficient on on summary judgment to show that the record is uncontroverted, that zero is a reasonable royalty. In fact, Muzak never even made that argument at summary judgment. Do you make your argument about the sufficiency of the evidence to go to trial on royalty even if Mr. White's testimony is struck? Yes, Your Honor. Because, again, the law is that you don't need an expert. And as this Court has found in Apple v. Motorola, Section 35 U.S.C. 284 mandates a royalty when there is infringement and validity. Has there been an infringement or validity finding in this case? They're still open, Your Honor. They move for summary judgment on the issues of infringement. So how does Apple v. Motorola fit? I believe in the Apple v. Motorola case the facts were similar and the Court said that at that stage you have to presume that there was infringement and validity. But there was an infringement finding in that case, was it there? I don't think that was the case. If that was, then I'm mistaken. I don't think there was an infringement finding at that point, Your Honor. So if we put aside Mr. White's testimony, then you have the assignment, which I'm not sure helps you much because it wasn't an arm's length deal, but then you do have the license. And then what else do you have? Okay, a couple of other pieces of evidence, Your Honor. And the first thing is that their own expert, Muzak's own expert, O'Pine of a non-zero royalty. That's Mr. Parris. Yes, Your Honor. Doesn't your reliance on Parris, number one, doesn't it run afoul of the hearsay rule? I don't believe so, Your Honor, because Rule 56, which was discussed at length in the briefings, first of all, just says that you have to submit, cite to evidence in the record, not evidence that would be admissible at trial. Also, we cited to the case all that said once somebody makes an admissible... Well, Rule 56 says that the evidence available for Rule 56 has to be cognizable evidence, has to be admissible evidence, right? I believe what it says is that it has to be admissible at trial. It doesn't have to be submitted... Well, that's a new interpretation. So anything can come in in Rule 56 despite the federal rules of evidence? Well, as long as it will be admissible at trial. For example, an affidavit is not admissible at trial, but you can bring that in on some... Of course it can be admissible at trial. It can be an admission against interest. It can mean lots of things, as long as it's competent. Right, but it would also be hearsay, Your Honor. There would be hearsay objections to affidavits at trial. Depends who's available. And there are exceptions to the hearsay rule, and an admission is one of them. Leaving that aside, supposing Muzak decided not to call Mr. Paris as a witness at trial, would you be able to use his deposition as evidence? Yes, Your Honor. We would be able to because we took his deposition under oath. If he wasn't available to testify at trial, then that is an exception to hearsay rules. So we could do that. So let's assume that there is, in fact, no hearsay objection to his deposition testimony. And if I remember right, the other side does not argue that there is a hearsay objection to the deposition testimony. They do, however, argue that the deposition testimony of Mr. Paris or Dr. Paris? It's Dr. Paris. Dr. Paris was not something that you submitted in opposition to their summary judgment motion on the point. You didn't submit it until your motion for reconsideration. And so I take it that the district court, at least, was entitled not to rely at all on that, even though at a trial that would be, by assumption now, admissible testimony. I somewhat disagree with that, Your Honor, because Rule 56 in the case law that we cited to states that if somebody makes an objection based on admissibility to documents that you submit with your summary judgment motion, that you would have a chance, at least, to respond to those admissibility objections. And that's why we should have been given a chance, and that's what we did in our motion for consideration, saying, okay, you object to this expert report of Mr. Paris that we cited to you. I'm sorry. I'm not talking about the expert report now. It's just talking about the deposition testimony of Dr. Paris, which you did not, I could take it, submit in your opposition to summary judgment. We did not. And that was our evidence to get around the objections to his expert report, which we cited to. So in other words, in our opposition to their summary judgment motion, we said, this can't be a non-zero royalty because look, their own expert has a non-zero, his record, which is, his opinion, which is in the record, states a non-zero reasonable royalty. And so they objected to his opinion on hearsay and said, okay, well, if you're going to object to his opinion, we've got all this deposition testimony. And that's why we brought it in, to get his opinion into the record. Is there any case law for the notion that the expert report that he submitted on their behalf is an admission under the hearsay rule? Well, certainly, there's documents that he relied on. There's MUSAC business records that he relied on that certainly. No, no, the report itself. I wouldn't say that. I don't think that there's any rule that we can argue that his report is an admission since he's not a party, Your Honor. And it's not made by a person whom the party authorized to make a statement on the subject? Yes, I mean, we could certainly try to bring that under. I don't know the case on that, Your Honor. But if one puts aside his report for hearsay reasons and puts aside the deposition testimony on the procedural ground that it was not submitted in time, does this come down to the license? I don't think so, Your Honor, because there's other independent reasons that the summary judgment motion should be overturned. First of all, I think their motion is legally insufficient on its face. They just argued that without your expert, you can't bring a damages case, which is legally insufficient. They didn't meet their burden as the movement. The second thing is they, the District Court excluded all our lay witnesses based on expert rules of evidence. And Mr. Hazenfield here is the inventor, named inventor. He's also the president of the company. And the District Court said that he could not testify to a reasonable royalty as a lay witness using expert witness rules. Okay, Mr. Clark, you're into your reserve time. Mr. Wood, I take it since you're up here, you're a member of the bar? Yes. Ohio? Yes. Who is Mr. Mason? Mark Mason is an employee of Info Hold. He's a 36 witness. Isn't he an attorney? No, he's not. Were you aware of his conduct? His conduct, I guess. In recording? Oh, yes. Were you aware of the Ohio Bar's position on that? I was aware of the fact that Ohio is a two-party state, and the state in which the court was made is a two-party state, and it was a federal issue. And the federal issue, the federal law is that, I'm sorry, one-party state. That one, if one party has knowledge, and the party in question was... That's the criminality of the conduct. Are you aware of the bar's position on that? I dealt with that when I was a lawyer, and there are states where the bar takes a different position than the legislature. Did you research that issue? Because I did. I was not aware in advance that the phone call was going to be recorded. The phone call was recorded because the president of the company was not going to be able to be there and wanted to know about the information. But you were aware at the time? I believe I was. I know Mr. Mason was in the room with me. I'm not saying I didn't, but the content is in the record and survives. Our point on inducement is that the district court said that no evidence existed that there was knowledge on the part of Mesa that their activity, that they were selling infringing products, in Paul Welford exhibits, A through I, to the district court on the question of the elements of inducement. So to say that no evidence existed in the face of nine exhibits meant that the district court was weighing the evidence and not providing the non-moving party with the right most favorable to it. Did Muzak on the inducement point, I gather that the basic evidence you have on inducement is you sent a letter or email, I don't remember which, saying here's the patent, will you please examine the patent, examine your product. Something like the following occurred. Initially they said sure. Then you responded saying where is it? Silence. That was during the phone call. Muzak not only had the patent which we sent him, but then there was the phone call in which we spoke for a long time. So they not only knew about the patent, but knew about the patent. It was during that conversation and follow-up correspondence that they were urged to get a letter, an advice of counsel letter. And then they didn't. Did they submit any evidence that they did in fact do some investigation? No. Okay, so the record on this is, the question is could a jury infer the knowledge requirement of Global Tech, assuming that is a knowledge requirement, infer that from having been given the patent, asked to conduct an investigation and then being completely silent about the subject? That would be for being willfully blind. There was an admission in the conversation that the general counsel for Muzak and Muzak LLC said that they absolutely had a product where you could remotely control the content at a remote location from a computer. So I would argue that that would be a direct admission that they had knowledge in fact. But the failure to see a high probability of infringement, a high probability of a certainty of a fact and then recklessly disregard it also would get to willful blindness. You're almost two minutes over. I'll let you conclude. Well, just simply that, we think with the Global Tech standard with willful blindness, there's no dispute that they had a copy of the patent. There's no dispute it didn't get in the judge's analysis. But the specific intent element of inducement under MGM versus Grokster, advertising, they have a website, they have a video on YouTube showing how to use the product in its intended manner. Those three elements make inducement. Thank you. Mr. Pritchard, we'll add two minutes to your time if you need it. Thank you, Your Honor. May it please the court, this is not a momentous case about damages or inducement. This is a case about failure to... It might be momentous for them. I'm sorry? It might be momentous for them. You said the case is not momentous? No, I say this, I'm sorry, is not momentous. Right. And maybe it is for the clients. Well, I'm just saying as a matter of law, Your Honor. Does our analysis change if this is momentous or not? I'm sorry, Your Honor. My point is that there's a lot of discussion in the briefs about whether this is Apple v. Motorola, but the real question here is what was really in the record on summary judgment? So we talked a lot about that when your friend was up here. Why is the license alone not enough to get over the hurdle of saying there is a possibly positive, that is non-zero, royalty, putting everything else aside? Well, there are a couple problems with that. First of all, what royalty rate is that intended to show? In the proceedings... A royalty doesn't have to be a rate. It could be a dollar. Well, there's no dollar in that, Your Honor. There are two different royalty rates. It's one and a half percent. But you argued that any type of royalty, in this case, would be nominal. You argued for a nominal royalty rate, weren't you? We argued that there was really, at the end of the day, there was not enough evidence to go to the jury on the question of what royalty damages were. Remember, we have a situation here, Your Honor, where Mr. White... Well, let me ask you again. You did argue, or did you argue that any, if there's to be an award of any type of royalty, that it would be a nominal royalty rate? We did not make that argument per se, Your Honor. We made the argument that there was, that you look at the evidence... Did you argue that the evidence indicated a zero rate? No, we did not, Your Honor. We just, we argued that there were no damages provable at the end of the day, that there was not enough evidence in the record for the jury to come back with a verdict of damages in X number of dollars. Can you read Apple and Dow as requiring that the court look to the entire record, not just the evidence pro-offered by the parties, as far as reasonable royalty? Well, let's talk about Dow first. In the case of Dow, that was a bench trial. There was already a trial. All the evidence was in it. The court could look at the evidence on a remand. There was no jury trial issue, for example. So the court in that case, yes, they would look at all the evidence. In Apple v. Motorola, the issue didn't actually get teed up as such since the case was sent back to us. So we had to see from Apple v. Motorola exactly how it would line up with the case we have here. In Apple v. Motorola, was that summary judgment or was it on motions in limine with essentially on the eve of trial? Am I right that there was no infringement or validity ruling? They didn't get to liability because Judge Posner concluded that there was no possible remedy, so what's the point, right? Right. Just to correct something, we did argue on the basis of Judge Posner's reasoning in one respect, and that was that without a remedy, there's no point in deciding other issues on the merits, and the court should enter judgment against the party having the burden of proof on remedy at that point. There's no point in having a trial. Let me take you back to the evidence question, okay? If I read FRCP 32A on using depositions in conjunction with 702, why not, when they're taken together, why isn't there support for Infohold's position that they can rely on Mr. Paris' testimony? The problem is, and I think one of the members of the panel raised it, in the opposition to the motion for summary judgment, Infohold relied upon two things. The documents attached to the White and Paris reports, and Mr. Paris' report itself, which was unsworn, the deposition of Mr. Paris, which was available at the time and could have been presented as part of the case, was not presented to the court. The problem with this is Infohold is taking the case, because Muzak objected to Infohold's evidence in the reply, and they didn't have a chance to respond. It's somehow unfair, and they should be allowed another chance. As a matter of practice on summary judgment, if you have evidence to put in, you put in a foundation along with it. In other words, you don't just throw up the expert report and say, this is my evidence. You present the deposition by which the expert says, yes, that's my testimony. An expert report by itself in the Sixth Circuit, whether you call the expert, whether the expert is a designated testifier or not, is not considered summary judgment evidence. In this case, this is the Sixth Circuit legal question and not a question of general law. If you read those things together, the fact is, Your Honor, yes, if they presented the deposition in their opposition, we'd be in a different position potentially, but they did not. So back to this question, the license plus some of the non-expert testimony of, I guess, their company officials, is that who it is? And maybe some of the documents which would clearly be admissible as business records. Take that together, or maybe even the license alone. Why is that not enough for a jury to find a non-zero royalty rate? Or a royalty, forget about rate. It doesn't have to be a rate. In this case, Your Honor, there are two aspects to your question. The first aspect is the assumption that the non-expert testimony of the company officials is part of the record. In this case, the only presentation of the company official testimony was in opposition to the summary judgment motion and again on reconsideration, where the lawyer argued this is what these people said. Was it opposition to the summary judgment motion, or was it on reconsideration? Let's ignore reconsideration. I thought that they presented, tell me if I'm wrong, Mr. Hazenfield, is that his name? Yes. Some testimony by him, and the judge said it doesn't count, and I'm not sure why it doesn't count. Well, there are several reasons. First of all, it wasn't even in the record. If you look at A4543 to A4545, this is in the section of Enfald's opposition to the summary judgment motion where they cite to the alleged evidence that will defeat summary judgment. In those pages of the opposition, the alleged testimony of Mr. Hazenfield and Mr. Mason is referred to. There is no declaration, no deposition. Only the lawyer says, well, this is what these people would testify to. That's it. I don't know about other cases, but in my experience- There was no attachment actually showing what they referred to. I think that's a yes or no question. Yes, there was no attachment. No declaration, nothing like that. You have Mr. Mason and Mr. Hazenfield who are also going to testify about the effect that the alleged infringement had on their business and things like this, but they were also going to testify about hypothetical negotiation and what they would think. The court said that's not lay testimony. Okay, let's assume I disagree with that, that I think that that would be perfectly fine testimony about a hypothetical negotiation. Is there still an objection? Well, there are several objections. One objection is that, and the district court found this, that in response to an interrogatory, it's interrogatory number six, in which Muzak asked Imphal, what's your damages case and who are your damages witnesses? They were not identified, and the district court said, wait a minute. If you don't identify people as witnesses in response to proper interrogatories, then you can't rely on their testimony. That was one of the reasons that the district court found that Mr. Hazenfield and Mr. Mason's testimony was not permissive. Mr. Ferschneider, I want to give you a shot at Bailey v. Floyd County because it's cited in the reply brief, and when I looked at it, I found it useful. It's Sixth Circuit and it says the pro-offered evidence need not be an admissible form, but its content must be admissible. How do you deal with that? Because I found it useful. The difficulty, are you referring to the Hazenfield and Mason testimony? I'm referring to the testimony that you say doesn't have a foundation. For like Mr. Parris. Need not be an admissible form, but its content must be admissible. That seems to refute your prior argument. The thing is, I'm not sure that's the case because if you look at what they're talking about. They say when a defendant moves for summary judgment on the ground, the plaintiff lacks evidence of an essential element of the plaintiff's claim, as in the present case, Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact. Examples of such evidence include admissible documents or attested testimony, such as that found in affidavits or depositions. And then what I quoted to you before, it need not be an admissible form. No, I think that actually supports our position. As the court here talks about evidence of evidentiary quality, the problem with Mr. Parris' expert report, for example, is under Sixth Circuit law, unsworn expert report by itself, according to the Segal case, is not evidentiary quality. It is because of its form, but it need not be an evidentiary form. Well, actually, no, I think that what they say is that the proffered evidence need not be admissible form, but its content must be admissible, but the court also says in the same context that you still have to present it in a form that is evidentiary, such as a declaration. Mr. Clark is correct that under Sixth Circuit law, at least, declarations by themselves are hearsay because they're out-of-court statements made for the purpose of showing the statements, but they are, to use the words of Rule 56C2, obviously capable of being made admissible because by presenting a declaration, you are representing to the court that the declarant will testify as stated in the declaration. Well, there are exceptions to the hearsay rule that may apply. Well, I agree, Your Honor. For one thing... But at minimum, doesn't all this evidence at least raise a genuine issue of material fact? Well, the question is what question of material fact does it raise? Well, if a court cites seven different pieces of evidence that they believe raise that issue. Well, the problem is if you go through the pieces of evidence... I think Mr. Wood was talking about inducement. Are we talking about reasonable royalty rate or inducement, Your Honor? Talking about royalty. Okay. There aren't seven pieces of admissible evidence. At the end of the day, you have the Hazen Field Assignment, which Your Honor pointed out correctly is not at arm's length and is of dubious value, and you have the trusonic license. But without Mr. White's testimony, which by assumption in the summary judgment has already been excluded, they have no evidence whatever of the sales or other activities of MUSAC that are necessary to calculate a royalty, no matter whether it's based on percentage of sales or something else. There's nothing there. So that if the court decides... Why isn't the license enough? The license is no basis to award damages on, Your Honor, because there's no royalty base. And if the court were to remand... Let's say the court says, no summary judgment, issue of fact, back to the district court. It's a futility. There's no evidence of reasonable royalty rates that can come in. Mr. Hazen Field and Mr. Mason cannot testify as to MUSAC sales because... What could the court look at the license and say, okay, I see the license. I think the reasonable royalty in this case would be $1,000. That would be based entirely on speculation without any sound economic proof conjecture. That would be drawing a number out of thin air. And this court has been very critical of doing that. In this case, we have a problem, and that is Mr. Hazen Field and Mr. Mason cannot provide any evidence as to MUSAC sales. So you're answering my question as to how we would review a judge deciding in that manner. But still, doesn't that raise a genuine issue of fact? Well, the problem... As I said before, Your Honor, the question is what issue of fact does it raise? It does raise an issue maybe on royalty rate. We don't think it does because one of the questions on raising an issue of fact is, is the evidence... To raise an issue of fact, the evidence must be based on that evidence. And if all you have is the Trusonic License Agreement, the question is, how is a juror going to answer a question as to damages? So assume that Mr. White's testimony has been struck. That isn't the same as declaring inadmissible all the bases on which he relied. And to the extent that they were MUSAC business documents, those come in as... Those come in. So why doesn't that supply essentially a base against which you'd multiply a inferred rate from the Trusonic License? Well, the difficulty there is in this particular case, in this particular case, Infold is not satisfied with that royalty rate. Well, that's up to them. Well, I understand that. But Infold... The judge here did this quite extraordinary thing, saying, as a matter of law, absolutely no remedy, so there's no point in even doing liability. Zero is a very low number. Zero is a very low number. But look at what happened here. Infold has the burden of proof. They have the burden of proof of presenting enough evidence that a reasonable jury without speculation, without conjecture, and based on sound economic proof can reach a decision as to what the damages are. Remember, as the court has often said, patent infringement is a tort. And to show liability for a tort, you have to show the existence of the duty not to infringe, the breach of the duty infringement, and you have to prove the damages flowing from the breach. The problem here is Infold cannot prove, regardless of infringement and validity, they cannot prove what the damages were. Look at what happens here. Infold has no expert. Infold puts... Can I ask this question? I think I've heard before what you're about to say. So as a procedural matter, is it right or wrong that if the case went back for a trial on damages, presumably liability before damages, that on the damages, they would not be limited to the evidence that sustained an opposition to summary judgment? That's correct. So they could have more? They could, but the question is, in this instance, without their expert, how are they going to get in... How are they going to get the reasonable... The full reasonable world? The point is, they're going to have to read Mr. Paris's deposition. And our point was, in opposition to the motion for summary judgment, it may seem like a fine point, but it's not. The Paris deposition is not in the record that the district court considered when deciding the summary judgment. Why wouldn't, at that point, the Paris deposition be enough? Weren't you arguing... Didn't Dr. Paris argue that nominal damages, at minimum, were applicable here? Mr. Paris's position was, if he were called as a witness, and rebuttal to Mr. White, that he would disagree with Mr. White, and he would propose a different royalty rate and a different royalty rate. Let me ask one question, Mr. Critchner. Was any of this evidence excluded as an evidentiary sanction? I couldn't find it, but... The Hazenfield and Mason evidence was. Oh, okay. Okay, so it is. I'm sorry. Thank you very much. Thank you. And so you can't make a case. That's just wrong on its face. Okay, you're out of time. Thank you, sir.